## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD DALY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-24-445-D |
| | ) |
| D.C. COLE, | ) |
| | ) |
| Respondent. | ) |

### <u>ORDER</u>

This matter is before the Court for review of the Report and Recommendation [Doc. No. 13] issued by United States Magistrate Judge Amanda Maxfield Green pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner previously challenged his underlying conviction through two habeas petitions under 18 U.S.C. § 2254. *See* R&R at 2. After filing his Petition in this case, Petitioner filed a motion with the Tenth Circuit seeking authorization to bring a second or successive § 2254 habeas application. *Id.* at 2-3. The Tenth Circuit denied Petitioner's motion, concluding that his "new claims do not rely on a new and retroactive rule of constitutional law or previously undiscoverable facts of his innocence." *See* 6/17/2024 10th Cir. Order [Doc. No. 11]. Therefore, because the Tenth Circuit expressly "denied Petitioner authorization to bring the claims asserted in the instant second or successive § 2254 Petition," Judge Green recommends that the Petition be dismissed due to the Court's lack of jurisdiction. *See* R&R at 3.

The case file shows no timely objection to the Report and Recommendation nor a request for an extension of time, even though Petitioner was expressly informed of his right

to object, the procedure for doing so, and the consequences of failing to object. Therefore, the Court finds that Petitioner has waived further review of all issues addressed in the Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). For the reasons explained by Judge Green, the Court finds that this action should be dismissed without prejudice for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 13] is **ADOPTED** in its entirety. This action is **DISMISSED** without prejudice for lack of jurisdiction.[1] A separate judgment of dismissal shall be entered accordingly.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or

---

[1] Petitioner's pending motion [Doc. No. 8] is **DENIED** as moot.

that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

 **IT IS SO ORDERED** this 9th  day of September, 2024.


_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge