IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD DALY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-24-445-D |
| ) | |
| D.C. COLE, ) | |
| ) | |
| Respondent. ) | |

### **ORDER**

On September 9, 2024, the Court entered an Order [Doc. No. 14] adopting the Report and Recommendation ("R&R") issued by United States Magistrate Judge Amanda Maxfield Green. The Court also entered Judgment [Doc. No. 15], dismissing the case without prejudice and denying a certificate of appealability. On September 24, 2024, Petitioner filed a "Motion Under FRCP-Rule60(b)" [Doc. No. 16], in which he stated that he never received a copy of the R&R and therefore could not file objections. In light of Petitioner's representation, the Court vacated its Order and Judgment, directed the Clerk to send Petitioner a copy of the R&R, and gave Petitioner 21 days to file objections to the R&R. *See* 9/27/2024 Order [Doc. No. 17].

On October 15, 2024, Petitioner filed a "Motion for Extension of Time to File Reply and Objection" [Doc. No. 18], in which he stated that, despite the Court's prior order, he never received a copy of the R&R. Therefore, the Court again directed the Clerk to send Petitioner a copy of the R&R and extended the deadline for Petitioner to file objections to the R&R until November 8, 2024. *See* 10/17/2024 Order [Doc. No. 19]. The staff note

entered on October 17, 2024 confirms that a copy of the R&R was mailed to Petitioner at Lawton-LCRF 8-C-122, 8607 Flower Mound Rd., Lawton, OK 73501.

On November 12, 2024, the Court received Petitioner's "Reply and Objection to 'Report and Recommendation' [Doc. No. 13]" [Doc. No. 23] ("Objection"). The postage indicates that Petitioner mailed his Objection on November 8, 2024, making his filing timely under the mailbox rule. *See* Objection, Ex. 7 [Doc. No. 23-7]; *see also Hall v. Scott*, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) ("[P]ursuant to the 'mailbox rule,' a prisoner's papers are considered filed as of the date he delivers them to prison officials for mailing.").

The Court, having conducted a *de novo* review of the R&R, Objection, and case record, concludes that Petitioner fails to present any persuasive argument or authority that would cause the Court to reject Judge Green's conclusions. Indeed, most, if not all, of the arguments set forth in the Objection were expressly rejected by the Tenth Circuit in its order denying Petitioner's request to bring a second or successive habeas petition. *Compare* Objection, *with* 6/17/2024 10th Cir. Order [Doc. No. 11].

**IT IS THEREFORE ORDERED** that the R&R [Doc. No. 13] is **ADOPTED** in its entirety. This action is **DISMISSED** without prejudice for lack of jurisdiction.[1] A separate judgment of dismissal shall be entered accordingly.

---

[1] Absent authorization from the Tenth Circuit, the Court has no jurisdiction over a second or successive § 2254 petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization."). As explained in the R&R, the Tenth Circuit "expressly denied Petitioner authorization to bring the claims asserted in the instant second or successive § 2254 Petition." R&R at 3; 6/17/2024 10th Cir. Order [Doc. No. 11]. The Court, therefore, lacks subject-matter jurisdiction over this matter and, in turn, Petitioner's "Motion for Court's Permission to Amend Habeas Corpus Petition" [Doc. No. 21]. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("Because Mr. Nelson's pleading constituted

2

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 2nd day of December, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

a second motion for habeas relief under § 2255, the district court lacked subject-matter jurisdiction over the matter.").

3